[Crim. No. 2567.  In Bank.—September 14, 1923.]

## In the Matter of the Application of JOE CHUTUK for Writ of Habeas Corpus.

[1] PUBLIC HEALTH ACT—IMPROVEMENT ACT OF 1911 AND MUNICIPAL CORPORATION ACT—CONSTRUCTION.—The proper construction of the Public Health Act, with reference to the Improvement Act of 1911 and the Municipal Corporation Act, is that the Improvement Act of 1911 should be construed as providing fully for the construction of sewers, and the Public Health Act is restricted in its application to the use of sewers after they are constructed.

PROCEEDING on Habeas Corpus to release petitioner from a charge of excavating for a sewer without permit from the State Board of Health.  Petitioner discharged.

The facts are stated in the opinion of the court.

Schweitzer & Hutton and Hartley Shaw for Petitioner.

WILBUR, C. J.—The petitioner is a subcontractor for the construction of sewers in the city of Watts, a city of the sixth class, under a contractor who had executed a contract for the construction of the sewers with the trustees of the city of Watts under and in virtue of proceedings instituted in accordance with the Improvement Act of 1911 (Stats. 1911, p. 730).  A complaint was filed charging the petitioner with a misdemeanor in that he had proceeded to excavate for the sewers in accordance with his contract with the city without having previously secured a permit from the state board of health.  It was claimed that this was a violation of section 3 (Stats. 1917, p. 921) of an act of the legislature for the preservation of public health, originally enacted in 1907 and amended in 1911 and 1913 (Stats. 1911, p. 565; Stats. 1913, p. 796; Stats. 1917, pp. 920, 921).  [1]  The petitioner contends as follows: "The proper construction of the Public Health Act, with reference to the Improvement Act of 1911 and the Municipal Corporation Act, is that the Improvement Act of 1911 should be construed as providing fully for the construction of sewers, and the Public Health Act is restricted in its application to the use of the sewers after they are constructed."  The attorneys representing the

respondent, after due consideration, have concluded not to attack the petitioner's contention and have expressed their concurrence therein. As we also concur in this view we deem it unnecessary to further elaborate the reasons why in our judgment the complaint against the petitioner fails to state a cause of action.

Petitioner discharged.

Lennon, J., Seawell, J., Kerrigan, J., Waste, J., Lawlor, J., and Richards, J., *pro tem.*, concurred.